## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HUDSON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | 1:12-cv-1412-TWP-DKL |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

This matter is before the Court on Petitioner Christopher Hudson's ("Mr. Hudson") petition for writ of habeas corpus [Dkt. 1] and Respondent Keith Butts Motion to Dismiss [Dkt. 15]. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because Mr. Hudson fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

### Discussion

In a disciplinary proceeding held August 22, 2011, identified as No. ISR 11-05-0095, Mr. Hudson was found guilty of violating a rule at an Indiana prison, the unauthorized possession of an electronic device. Contending that the proceeding was constitutionally infirm, Mr. Hudson seeks a writ of habeas corpus. The sanctions imposed based on Mr. Hudson's misconduct was a suspended 90 day earned credit time deprivation, 3 months in disciplinary segregation and a written reprimand. Although the sanction was imposed, no earned credit time was ever taken from Mr. Hudson. Because the hearing was held on August 22, 2011, the time limit of six months has expired and these sanctions can no longer be imposed. This renders Mr. Hudson unable to satisfy the "in custody" requirement of the federal habeas statute.

The remaining sanctions imposed at the disciplinary hearing, a written reprimand and three months in disciplinary segregation, did not result in the imposition of custody and hence cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . .");

*Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(explaining that when no recognized liberty or property interest has been taken, which is the case here, the confining authority Ais free to use any procedures it chooses, or no procedures at all@).

     For the reasons stated above, the respondent's motion to dismiss [Dkt. 15] is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**. Judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**


Date: _____03/22/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

**Christopher Hudson**
**120501**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Road**
**Pendleton, IN 46064**

**Electronically Registered Counsel**